The next case this morning is 519-0516, People v. Alan Fisher. Arguing for the defendant appellant is Jennifer Lassie. Arguing for the state is Pat Daly. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning, counsel. Morning. Ms. Lassie, are you ready to proceed? Yes, your honor. All right, please do so. May it please the court, I'm Jennifer Lassie, and I represent the defendant appellant, Mr. Alan Fisher. Because of time constraints, I would like to focus on the preserved sentencing error today. The trial court's imposition of an extended term sentence on the Class 1 offense was an improper double enhancement because the same factor was used to elevate the offense from a Class 3 aggravated battery to a Class 1 offense. And then that factor was used again to impose an extended term sentence. This error was preserved because trial counsel objected at the time the court imposed the sentence and objected again in a post-sentencing motion. A double enhancement occurs when either a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence, or the same factor is used twice to elevate the severity of the offense itself. Here, the state incorporated torture in the trial court as though it was an element of the Class 1 offense instead of asking the jury to make a separate finding. However, a double enhancement occurred under either Analysis 1 or 2. The state explicitly conceded on the record in the trial court that the facts used to find the Class 3 offense involved brutal or heinous conduct were the same facts that were being used to prove the Class 1 aggravated battery involved torture. At the sentencing hearing on pages 939 to 943, the state explained that Mr. Fisher could only receive a maximum of 15 years and the state conceded, and I quote, elements of wanton and cruelty are included in torture. On page 918 in the transcripts at the post-trial hearing, defense counsel stated that to impose more than 15 years would be a double enhancement, and the state agreed with trial counsel. The state asked this court on appeal to affirm the sentence and find that it was possible for jurors to find that the Class 1 aggravated battery could have been accompanied by brutal or heinous behavior. However, the state failed to allege and prove that there were facts independent of those used to prove torture that would support a finding that the aggravated battery torture offense was also brutal and heinous. The jury instructions also show that these were based on the same facts. The Class 1 instruction informed jurors that torture involved the infliction of or subjection to extreme physical pain motivated by an intent to increase or prolong the pain or suffering of the victim. The Class 3 enhancement instruction explained that wanton cruelty meant consciously seeking to inflict pain and suffering on the victim. The state should be stopped from making the argument that it makes on appeal. The state conceded in the trial court that it was not seeking and could not obtain an extended term sentence on the Class 1 offense. This error was preserved and the state cannot prove it was harmless beyond a reasonable doubt because Mr. Fisher got twice the maximum sentence that he could legally receive. And unless your honors have questions, Mr. Fisher would respectfully request that this court either reduce his sentence to one within the normal sentencing range or reverse and remand for a new sentencing hearing before a different judge for the reasons stated in the briefs. Thank you, Ms. Lasky. I have a question. Why are you asking for a different judge? Your honor, as noted in the, I didn't get into it during the oral argument, but in the opening of reply briefs, there were some comments by the trial court judge that seemed to suggest the judge was aware that this was a double enhancement. And the judge made comments that he did not want to give this court reason to pay close attention to a double enhancement argument. So I believe to avoid even the appearance of impropriety, that this would need to go before a different judge on remand. Questions, Justice Welch? No questions. Any others, Justice Gates? No. All right, thank you. Mr. Daley, you ready to proceed? Yes, your honor. Thank you. Before you get into that, let me ask you this about restitution and fines. Do you agree that there was no hearing on ability to pay or no set time frame for when to pay? Yeah, I agree. Well, I mean, actually, I think what happened here is the judge erroneously applied the bond towards the restitution, which the court could not do, but the court, I think, as counsel argued on appeal as well correctly, that there has to be a hearing with regards to the fines as well. So this will have to go back for basically that, at least for that aspect of the sentencing as well. So, yes, we fully concede that issue. All right. What about the torture issue then? Well, this is an interesting case, and I wish I almost had more time to do it. I do want to start out by addressing the estoppel issue a little bit. I think the defense counsel does an excellent job of sort of reciting the facts, what's going on below. But I think that when we look at estoppel and rather just sort of rubber stamp and say, well, the state did this and the state said that. So, therefore, that's the end of the end of the discussion. And I think that what we have here, when you really read the record, is a court, judge, parties, state prosecutor, everyone involved. We're in kind of unusual, uncharted territory in this case. There's not a lot of case law with regards to agbat torture. And the statute is written that it applies a 15 year maximum on the class one for torture, whereas for class one extended term is 30 years. And I think that that particular aspect of it sort of works its way into a little bit of confusion about do we or do we not have it. And then when you look at the case law and I think defendants cite some of that case law and she's quite accurate that there are discussions, I think, at least ancillary discussions that, well, you know, brutal, brutal and heinous and indicative of wanton cruelty involves torture, can involve torture. So that, I think, triggered a concern, naturally, on the part of the court below, at least as we go progress to this case before the court took kind of a 180, that there's a double enhancement concern. That, I think, motivated the ultimate decision to apprendee, instruct, if you will, on the agbat grave bodily harm. And so it's a little, it's a little hard, I guess, to perhaps pry apart apprendee and the double enhancement here because I think that those apprendee concerns of what the what is going to be before the trier of fact played significantly into how ultimately the court decided to treat this with regards to sentencing. First of all, I would submit that aggravated battery grave bodily harm and aggravated battery torture, as we'll call it that for lack of a better distinction, are not really actually separate offenses. I think that there's really just aggravated battery grave bodily harm. Torture is a sentencing enhancer. If you look, it's listed in the sentencing code, excuse me, in the sentencing paragraph of the aggravated battery statute. It is certainly an apprendee factor. It's certainly something that has to be pled and proven beyond a reasonable prior fact. But again, we're dealing with kind of an unusual and unique set of circumstances with this case, with this statute where there's not a lot of case law where ultimately was treated as an element. Now, defense counsel makes kind of a note of that that is treated as an element. But we have to kind of take a step back and say, all right, well, even if the state didn't do so, or if the jury was instructed that way, the apprendee due process aspect of this is still intact. There's no due process violation because the prior fact, which is a requirement of apprendee, is that any fact which increases an offense beyond its statutory prescribed statutory maximum has to be proven beyond a reasonable doubt before the jury. The statutory maximum for aggravated battery grave bodily harm is a class three felony. Aggravated battery grave bodily harm with torture is a class one felony and brutal and heinous and indicative of one cruelty is, of course, is itself a sentencing enhancer. So the reason for this kind of long prologue is I think that understanding whether this or what type of double enhancement analysis is applicable to this particular situation kind of depends upon what analytical framework we use for the double enhancement. There's really two. Okay. One where a single fact is both an element and as a basis to impose a harsher sentence, which is, and defendant cites a case that I think illustrates that point clearly where agbat of a child where then the youthfulness of the victim is then used as an aggravating factor is clearly a double enhancement because it's an element of the offense. Neither torture, at least from the state's perspective or the state's, you know, argument here, neither torture nor obviously brutal or heinous indicative of one cruelty are elements of the offense. Then it's a question whether the same factor is used twice to elevate the severity of the funds. Now, there's here's where we get into the uncharted territory, obviously. And I know personally how much how much this was an issue for the court below and trying to work its way through this. It's clearly not the same. If it were the same, then the courts would not have repeatedly insisted that proof of torture is not necessary for proof of brutal or heinous conduct indicative of one cruelty. It's not to say, of course, that torture can't be brutal or heinous indicative of one cruelty, but it doesn't mean that it works the opposite direction. Defendant cites to and notes the instruction that was given to the jury with regards to the definition of one cruelty. And while that is correct, and that is the statutory definition. I think that it also perhaps doesn't fully address that. There's one more part to that. It's not just one cruelty, but it's brutal or heinous, brutal and heinous. All right, brutal and heinous have been given their own definitions. Lapointe describes heinous as hateful or shockingly evil, grossly bad, enormously and flagrantly criminal. Brutal is grossly ruthless, devoid of mercy or compassion, cruel and cold blooded. I think that the point of the matter is, and I think Lapointe made that point as well, that you can have wanton cruelty, but without brutal and heinous. Okay, so it's not, it doesn't really kind of pigeonhole one or the other. Torture is always going to be brutal and heinous and indicative of wanton cruelty. The jury has been charged with the task here, if the court were willing to accept that particular proposition of considering two aggravating circumstances here. So the resolution of this kind of comes down to is, are they really the same? Is it the same thing that the jury is considering for both? Or is brutal and heinous indicative of wanton cruelty a broader inquiry that looks not just at torture, but the totality of the circumstances of what occurred in this case? And I think that, I won't belabor the facts of this case, but I think it's a shockingly horrible set of circumstances. Let me read to you some of the things that Lapointe mentioned as factors which go into the determination of brutal and heinousness. Was it premeditated? Was there provocation? How senseless was it? The number of wounds? The extent of the injury? Was there any remorse involved? Inflicted prolonged pain or torture, which is simply just one of multiple factors that the Lapointe court pointed to. Inflicted mental suffering. This is an instance which is clearly, I think it was, I would submit a premeditated attack. And I don't say that lightly, but if you look at the evidence that the state presented, this is, he's not exactly a one-time eye claw here. All right. This appears to be his modus operandi with regards to inflicting violence. It's utterly senseless. The guy did nothing but drive down the wrong way on a street. The extent of the injuries, you know, this is a man who's been blinded. There are multiple factors here which relate to brutal and heinousness that can be contextualized with the torture that occurred when the eyes are being gouged out for a jury to make a particular finding that would allow for an extended term sentence. And I think that that doesn't really do violence, I think, to any sort of legislative intent unless we're willing to believe that something involving torture should be subjected to a sentence. Half of what a brutal or heinous sentence would be if it had been another type of aggravated battery or class one offense. So, your honors, I would submit based on these arguments as well as those in the state's brief that, again, this really comes down to a question of law. Whatever the state may have argued below or conceded below, in the end, this is a due process and fairness of trial. And since here the defendant received a fair trial and received a sentence that was fairly based upon acts which were alleged and proven beyond a reasonable doubt, then there is no mystery here that what that might have entailed. Does the court have any questions? Just as well? No questions. Just states? No questions. Thank you, your honor. Ms. Lassie, response? Your honors, the state refers to the serious nature of this case. And perhaps that's why, you know, after the trial, the trial court encouraged the state so insistently to seek an extended term, even though the state defense and the court all agreed prior to trial and throughout trial that the state could not seek an extended term. I would note that the state discusses other cases that have defined brutal or heinous conduct and argues that torture is not always going to include brutal and heinous conduct. However, that's irrelevant to this case. In this case, the jury instructions were nearly identical for the class one infliction of torture and the class three enhancement for wanton cruelty. So while maybe in other cases the terms might be defined differently, they were not in this case. And again, in other cases, while there might be facts to support that a defendant could be convicted of aggravated battery and torture and that the state could prove that that aggravated battery torture was also done in a brutal and heinous way, that was not done here. The state did not allege and the state did not prove facts sufficient to support that there was an aggravated battery that involved torture and that also was done in a brutal and heinous way. The state did not show that there were sufficient and distinct facts to support both of those findings. And with respect to the state's claim that the defendant received a fair trial, a defendant cannot receive a fair trial and does not receive due process where the state and the trial court and defense counsel all on the record repeatedly informed that defendant that he does not need to defend himself against an extended term class one felony and then turn around, as the state said, and do a 180 and impose an extended term at sentencing. After repeatedly telling that defendant, he did not need to defend against those facts that would lead to an extended term, you simply cannot get a fair trial on these facts. And I think the the record is clear on what happened here. All parties agreed that an extended term sentence. Was not an option for the class one offense and then for reasons that are not clear from the record after trial and after testimony was heard the trial court changed course and repeatedly encouraged the state to seek an extended term initially the state. Refused and was adamant with the trial court that it could not that it was bound to ask for no more than 15 years and then at some point the state decided, it could seek a sentence of more than 15 years, however, the facts and the law are clear in this case. The state did not allege improve the facts that were required to get an extended term on the class one offense, and this was a preserved error. And the state has failed to prove that it was harmless beyond a reasonable doubt because Mr Fisher got a 30 year sentence where he was legally only eligible for up to 15 years. And unless your honors would have have any questions, we would request them a sentence within the normal range or a new sentencing hearing before a different judge. Give us classy other questions just as well. No question. Just as Kate's no questions. Thank you. We will consider your arguments take the matter and advisement and issue a decision in due course.